# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | : | |
| BARRY ROSTHOLDER | : | |
| | : | |
| v. | : | Civil No. CCB-07-1283 |
| | : | |
| | : | |
| OMNICARE, INC., et al. | : | |
| | : | |
| | : | |

## MEMORANDUM

On May 5, 2007, Barry Rostholder, the relator in this case, filed a qui tam action against

the defendants pursuant to the False Claims Act ("FCA"). On April 22, 2009, the United States

filed a notice declining to intervene in the case. On November 9, 2010, the court ordered the

partial lifting of the seal on the case, specifically unsealing the government's Notice of Election

to Decline Intervention, the Second Amended Complaint, and all documents and pleadings filed

after November 9, 2010. Now pending before the court is the defendants' motion to unseal the

entire docket in this case. The relator has consented to the unsealing of the original and first

amended complaints and has taken no position on unsealing the other documents in the court

file.[1] The United States, however, opposes the unsealing of motions and accompanying

memoranda it filed requesting extensions of time to elect to intervene ("extensions"). For the

reasons explained below, the defendants' motion will be granted.

Under the FCA, a relator may file a complaint under seal while the government

investigates whether it will intervene in the case. *See* 31 U.S.C. § 3730(b)(2). The complaint

---

[1] None of the state Attorneys General involved in this case have filed a response to the defendants' motion.

remains under seal for at least 60 days, but, for good cause, the government may request the

court for more time to investigate a claim, during which the complaint remains under seal. *Id.* at

§ 3730(b)(3). Although the FCA explicitly contemplates that the complaint will be unsealed once

the government has decided whether or not to intervene, it does not address whether the

government's motions for extensions of time and accompanying memoranda should remain

under seal indefinitely. *See id.* at § 3730(b)(2)-(3). The Fourth Circuit has not addressed whether

anything beyond the qui tam complaint must be unsealed. It has emphasized, however, that "the

presumption in favor of public disclosure of court records can only be overcome by a significant

countervailing interest." *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003) (citing

*Rushford v. New Yorker*, 846 F.2d 249, 253 (4th Cir. 1988)).

Courts that have directly addressed whether the FCA contemplates the unsealing of all

documents filed in a qui tam action have held that "by permitting *in camera* submissions, the

statute 'necessarily invests the court with authority either to maintain the filings under seal or to

make them available to the parties.'" *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457

F. Supp. 2d 854, 858 (N.D. Ill. 2006) (quoting *United States ex rel. Health Outcomes Techs. v.

Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 173 (D. Mass 2004)). Courts have analogized

disputes over whether to unseal documents under the FCA to discovery disputes under Fed. R.

Civ. P. 26(c), which authorizes protective orders for confidential trade secrets and similar

information. *Id.* (citing *United States ex rel. Erickson v. Univ. of Washington Physicians*, 339 F.

Supp. 2d 1124, 1126 (W.D. Wash. 2004)); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21,

23 (S.D.N.Y. 1994); *see also ACLU v. Holder*, -- F.3d ----, 2011 WL 1108252, at *8 (4th Cir.

2011) (noting that the "good cause" standard in section 3730(b)(3) of the FCA for keeping a qui

tam action under seal is the same standard contained in Fed. R. Civ. P. 26). Accordingly, courts

have balanced a defendant's interest in obtaining information normally available for public

disclosure against the government's interest in protecting confidential information disclosed in

those motions. *See ACLU*, -- F.3d ----, 2011 WL 1108252, at *11 (explaining that when

reviewing sensitive information *in camera*, "the courts seek to balance the need for transparency

in the judiciary with the effective protection of sensitive information.") (citation omitted).

Here, the defendants request access to the government's motions for extensions for two

reasons: (1) to determine whether the relator disclosed any privileged attorney-client discussions

to the government and (2) to determine whether the relator qualifies as an original source under

the FCA. The government argues that the motions for extensions and accompanying memoranda

currently under seal contain "details of investigative strategy and investigative techniques that

are not limited in application to just this one case" and that the federal government "has a

significant interest in protecting the non-disclosure of such privileged information." (*See*

Government's Opp'n at 8, ECF No. 71.)[2] "Where disclosure of confidential investigative

techniques, of information which could jeopardize an ongoing investigation, or of matters which

could injure non-parties is requested," courts have prevented the disclosure of sensitive

documents. *Mikes*, 846 F. Supp. at 23; *see, e.g.*, *United States ex rel. O'Keefe v. McDonnell

Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995) (declining to unseal motions for

extensions of time because the motions and accompanying memoranda provided "substantive

details regarding the government's methods of investigation"). It is appropriate to unseal a

---

[2] The government also argues that the documents it seeks to keep under seal contain information that is protected by the attorney work product doctrine but has not cited any authority making the work-product protection applicable to these documents, which the government chose to file with the court. *See Health Outcomes Techs.*, 349 F. Supp. 2d at 174.

document, however, that reveals only

> routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business . . . [and] contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like.

*Health Outcomes Techs.*, 349 F. Supp. 2d at 173-74 (alteration in original) (quoting *Mikes*, 846

F. Supp. at 23) (unsealing the docket because the documents "contain no information that could

jeopardize the prosecution of this or any related case"); *see also Erickson*, 339 F. Supp. 2d at

1126 (unsealing the docket because the documents at issue "merely describe routine investigative

procedures"); *United States ex rel. Coughlin v. Int'l Bus. Machs. Corp.*, 992 F. Supp. 137, 141

(N.D.N.Y. 1998) (unsealing the docket because the documents requested did not "contain

substantive details regarding the government's methods of investigation").

   After careful *in camera* inspection of all of the documents at issue and balancing the

defendants' interest in obtaining information with the government's interest in continued

confidentiality, the court concludes that the documents should be unsealed. The motions for

extensions of time to intervene and accompanying memoranda do not contain confidential

investigative techniques or substantive details regarding the government's methods of

investigation that could jeopardize the prosecution of this case or future cases. No specific

individuals, other than the relator, or investigative techniques are identified in any of the motions

for extensions filed by the government. The motions merely describe routine investigative

procedures with as little detail as possible. Moreover, the defendants have a legitimate interest in

obtaining documents that may be helpful in establishing defenses, such as whether the relator

would qualify as an original source under the FCA.[3] The defendants' motion to unseal will be granted.

A separate Order follows.


<u>July 28, 2011</u>                                       <u>                /s/                </u>
Date                                             Catherine C. Blake
                                                 United States District Judge

---

[3] I am not expressing a view that anything helpful necessarily will be found in the documents to be unsealed; as there is no harm to the government, however, Omnicare should be allowed to make that determination.